UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No. 2:23-cv-293

**CLAUDIA PINSON**,
*individually and on behalf of*
*all those similarly situated,*

    Plaintiff,

v.

**HAYT HAYT & LANDAU PL**,

    Defendant.

_____/

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff Claudia Pinson ("Plaintiff"), individually and on behalf of all those similarly situated, sues Hayt Hayt & Landau PL ("Defendant") for violations of the Fair Debt Collection Practices Act.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

## PARTIES

3. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Lee County County, Florida.

4. Defendant is a Florida limited liability company, with its principal place of business located in Miami, Florida.

## DEMAND FOR JURY TRIAL

5. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

6. The Consumer Financial Protection Bureau ("CFPB") is the administrative agency authorized to exercise its authorities under Federal consumer financial law to administer, enforce, and otherwise implement the provisions of Federal consumer financial law. *See* 12 U.S.C. § 5512; 15 U.S.C. § 1692l(d); *see also* 12 C.F.R. § 1006.1(a).

7. On November 30, 2020, the CFPB issued their final rule to revise Regulation F ("Reg F") of which contains, among other things, the CFPB's most recent interpretation of the Fair Debt Collection Practices Act ("FDCPA").

8. Reg F addresses, among other things, communications in connection with debt collection and prohibitions on harassment or abuse, false or misleading representations, and unfair practices in debt collection. *See generally* 85 FR 76734.

9. With respect to the purpose of Reg F, it is stated "[Reg F] carries out the purposes of the FDCPA, which include eliminating abusive debt collection practices by debt collectors, ensuring that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and promoting consistent State action to protect consumers against debt collection abuses. 12 C.F.R. § 1006.1(b). Moreover, Reg F, "**prescribes requirements to ensure that certain features of debt collection are disclosed fully, accurately, and effectively to consumers in a manner that permits consumers to understand the costs, benefits, and risks associated with debt collection, in light of the facts and circumstances**." Id. (emphasis added).

10. On a date better known by Defendant, Defendant began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

11. The Consumer Debt is a "consumer financial product or service" within the meaning of 12 U.S.C. § 5481(5).

12. The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from an unsecured line of credit between the original creditor of the Consumer Debt, Capital One Bank, and Plaintiff (the "Subject Service").

13. The Subject Service was primarily for personal, family, or household purposes.

14. The Consumer Debt is a debt related to a consumer financial product and/or service because the Consumer Debt arises from the unsecured line of credit the original creditor extended to Plaintiff, whereby said unsecured line of creditor was for the personal benefit of Plaintiff, Plaintiff's family, and/or members of Plaintiff's household.

15. The Consumer Debt is a consumer financial product pursuant to 12 U.S.C. § 5481(15)(A)(i).

16. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

17. Defendant is a business entity engaged in the business of collecting consumer debts.

18. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

19. Defendant is not registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

20. Defendant does not have a valid "Consumer Collection Agency" license number.

21. Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

22. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

23. Defendant maintains and keeps updated within seven (7) days the records required by Florida Administrative Code Rule 180.080(1), (3), (6), (7), (9), (10), and (11).

24. Defendant has written policies and procedures for the secure handling of all consumer documents and information received in the course of collecting a debt from a consumer as required by Rule 69V-180.090(2).

25. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

26. Defendant is a "person" within the meaning of Fla. Stat. § 559.72.

27. On or after November 16, 2022, Defendant sent a collection letter to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

28. The Collection Letter represents Defendant's initial communication with Plaintiff in connection with the collection of the Consumer Debt.

29. Defendant did not send the Collection Letter *via* certified mail, registered mail, or any other means which would provide Defendant with conformation that the Collection Letter was delivered.

30. Defendant was required to provide "validation information" in the Collection Letter. *See* 12 C.F.R. § 1006.34(c).

31. The "validation information" that Defendant was required to provide in the Collection Letter includes, but is not limited to "[i]nformation about consumer protection." *See* 12 C.F.R. § 1006.34(c)(3).

32. The "[i]nformation about consumer protection" that Defendant was required to provide in the Collection Letter includes, but is not limited to:

    (i) The date that the debt collector will consider the end date of the validation period and a statement that, if the consumer notifies the debt collector in writing on or before that date that the debt, or any portion of the debt, is disputed, the debt collector must cease collection of the debt, or the disputed portion of the debt, until the debt collector sends the consumer either verification of the debt or a copy of a judgment.

    (ii) The date that the debt collector will consider the end date of the validation period and a statement that, if the consumer requests in writing on or before that date the name and address of the original creditor, the debt collector must cease collection of the debt until the debt collector sends the consumer the name and address of the original creditor, if different from the current creditor.

    (iii) The date that the debt collector will consider the end date of the validation period and a statement that, unless the consumer contacts the debt collector to dispute the validity of the debt, or any portion of the debt, on or before that date, the debt collector will assume that the debt is valid.

*See* 12 C.F.R. § 1006.34(c)(3)(i)-(iii).

33. The "validation period," for purposes of Reg F, "means the period starting on the date that a debt collector provides the validation information required by paragraph (c) of this section and ending 30 days after the consumer receives or is assumed to receive the validation information." 12 C.F.R. § 1006(b)(5).

34. With respect to calculating the "end of the validation period," § 1006(b)(5) of Reg F further provides that, "[f]or purposes of determining the end of the validation period, the debt collector may assume that a consumer receives the validation information on any date that is at **least five days (excluding legal public holidays identified in 5 U.S.C. 6103(a), Saturdays, and Sundays) after the debt collector provides it**." 12 C.F.R. § 1006(b)(5).

35. November 16, 2022, is the date Defendant attempted to provide the "validation information," for purposes of compliance with Reg F, to Plaintiff. *See* Collection Letter (wherein the Collection Letter is dated November 16, 2022).

36. Five days (excluding legal public holidays identified in 5 U.S.C. § 6103(a), Saturdays, and Sundays) after November 16, 2022, is November 21, 2022.

37. Thirty (30) days after November 21, 2022, is December 21, 2022.

38. In the Collection Letter, Defendant represented "December 20, 2022" as the "date that the debt collector will consider the end date of the validation period" pursuant to 12 C.F.R. § 1006.34(c)(3)(i). *See* Collection Letter (stating, "If you write

us by December 20, 2022, we must stop collection on any amount you dispute until we send you information that shows you owe the debt.").

39. In the Collection Letter, Defendant represented "December 20, 2022" as the "date that the debt collector will consider the end date of the validation period" pursuant to 12 C.F.R. § 1006.34(c)(3)(ii). *See* Collection Letter (stating, "Write to ask for the name and address of the original creditor, if different from the current creditor. If you write by December 20, 2022, we must stop collection until we send you that information.").

40. In the Collection Letter, Defendant represented "December 20, 2022" as the "date that the debt collector will consider the end date of the validation period" pursuant to 12 C.F.R. § 1006.34(c)(3)(iii). *See* Collection Letter (stating, "Call or write us by December 20, 2022, to dispute all or part of this debt").

41. The end of the validation period represented in the Collection Letter, *i.e.*, December 20, 2022, is shorter than the minimum validation period required by § 1006.34(b)(5) of Reg F, *i.e.,* December 21, 2022.

42. Defendant incorrectly calculated the end of the validation period, shortening the length of the validation period, in violation of 12 C.F.R. §§ 1006.34(b)(5) and (c)(3).

43. The Collection Letter is a communication from Defendant to Plaintiff in connection with the collection of a debt.

44. The Collection Letter is an action to collect a debt by Defendant.

45. Defendant is an entity required to register as a consumer collection agency with the Florida Department of State, *as per* Fla. Stat. § 559.553(1), to lawfully collect consumer debts from Florida consumers.

46. When attempting to collect the Consumer Debt from Plaintiff, Defendant was not lawfully licensed to collect consumer debts from Florida consumers in accordance with Fla. Stat. § 559.553.

47. Defendant does not fall within any of the exemptions contained within Fla. Stat. § 559.553(3).

48. Defendant cannot legally collect, or attempt to collect, the Consumer Debt from Plaintiff without first registering, and thereafter maintaining, a valid consumer collection agency license in accordance with Fla. Stat. §§ 559.553(1) & (2).

49. Defendant's collection activities directed at Plaintiff constitute a criminal misdemeanor under Florida law. *See* Fla. Stat. § 559.785.

50. The Collection Letter wasted Plaintiff's time. Plaintiff would not have wasted time reading the Collection Letter, Plaintiff would not have wasted time trying to understand why Plaintiff was the target the alleged unlawful collection activity, Plaintiff would not have wasted time deliberating what to do about the Collection Letter, and Plaintiff would not have wasted time consulting with an

attorney regarding Defendant's alleged unlawful conduct. At minimum, all such wasted time would have been completely avoided had Defendant not sent the unlawful Collection Letter to Plaintiff – but such is not the case – and the time Defendant caused Plaintiff to waste cannot be undone.

## CLASS ALLEGATIONS

### PROPOSED CLASS

51. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff, individually and on behalf of all other similarly situated persons as a class action. Plaintiff seeks to represent the below defined "Validation Date Class" and "No License Class" (collectively, the "Classes").

52. The "**Validation Date Class**" consists of **[1]** all persons with Florida addresses **[2]** that were sent a letter **[3]** from and/or by Defendant, or someone on Defendant's behalf **[4]** in an attempt to collect a debt **[5]** during the twelve (12) months preceding the filing of this Class Action Complaint **[6]** whereby said letter was required to provide the date Defendant would consider the end of the validation period in compliance with 12 C.F.R. § 1006.34(c)(3)(i)-(iii) **[7]** and the date provided was unlawfully shortened the length of the validation period in violation of 12 C.F.R. §§ 1006.34(b)(5) and (c)(3).

53. The "**No License Class**" consists of: **[1]** all persons with Florida addresses **[2]** that Defendant sent a letter to **[3]** in an attempt to collect a consumer

debt **[4]** while Defendant was not registered or otherwise in possession of a valid consumer collection agency license from and/or with the Florida Department of State **[5]** during the twelve (12) months preceding the filing of this Complaint.

54. Defendant and its employees or agents are excluded from the Classes.

55. Plaintiff does not know the number of members in the Validation Date Class or No License Class but believes the members of each the Validation Date Class and No License Class to be in the several thousands, if not more.

**NUMEROSITY**

56. Upon information and belief, Defendant has sent thousands of debt collection letters to consumers throughout the Florida without a valid Consumer Collection Agency license and, further, sent letters that were required to provide a date that Defendant considers the end of the validation period for purposes of Reg F compliance, but which unlawfully shortened the length of the validation period below the minimum threshold in violation of 12 C.F.R. §§ 1006.34(b)(5) and (c)(3). The members of the Validation Date Class and No License Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

57. The exact number and identities of members of the Validation Date Class and No License Class are unknown at this time and can be ascertained only through discovery. Identification of each member of the Validation Date Class and

No License Class is a matter capable of ministerial determination from Defendant's records.

### COMMON QUESTIONS OF LAW AND FACT

58. There are numerous questions of law and fact common to the Validation Date Class and No License Class which predominate over any questions affecting only individual members of the Validation Date Class and No License Class. Among the questions of law and fact common to the Validation Date Class and No License Class are: **[1]** whether Defendant sent a letter to Plaintiff and members of the Classes in an attempt to collect a debt; **[2]** whether said letter was Defendant's initial communication with Plaintiff and members of the Classes; **[3]** whether Defendant is a debt collector; **[4]** Whether said letter unlawfully shortens the length of the validation period in violation of §§ 1006.34(b)(5) and (c)(3) of Reg F; and **[5]** Whether Defendant possessed a valid Consumer Collection Agency license at all times material.

59. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely sends debt collection letters to consumers that violate 12 C.F.R. §§ 1006.34(b)(5) and (c)(3) is accurate, Plaintiff and members the Validation Date Class and No License Class will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

60. Plaintiff's claims are typical of the claims of the members of the Validation Date Class and No License Class, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

61. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Validation Date Class and No License Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Validation Date Class and No License Class.

### SUPERIORITY

62. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Validation Date Class and No License Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by members of the Validation Date Class and No License Class are in the millions of dollars, the individual damages incurred by each member of the Validation Date Class and No License Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual members of the Validation Date Class and No License Class prosecuting their own separate claims is remote, and, even if every member of the Validation Date Class

and No License Class could afford individual litigation, the court system would be unduly burdened by individual litigation.

63.  The prosecution of separate actions by members of the Validation Date Class and No License Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Validation Date Class and No License Class, although certain class members are not parties to such actions.

**COUNT 1**
**<u>VIOLATION OF 15 U.S.C. §§ 1692e, e(2)(A), e(5), and e(10)</u>**
(*No License Class*)

64.  Plaintiff, individually and on behalf of the No License Class, incorporates by reference ¶¶ 6 through 63 of this Class Action Complaint.

65.  Defendant is liable to Plaintiff and the No License Class for attempting to collect consumer debts from Florida consumers without first registering and, thereafter, maintaining a valid consumer collection agency license in accordance with Florida law. Fla. Stat. § 559.553.

66.  Here, Defendant sent the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt, and in so doing, Defendant engaged in activity which Florida requires licensure to be valid and otherwise lawful; however, at all times

relevant, Defendant was not registered as a consumer collection agency with the Florida Department of State, as required by Fla. Stat. § 559.553.

67. Defendant's failure to obtain a consumer debt collection license, as mandated by Florida Statutes § 559.553, while actively engaging in debt collection in the State of Florida violates 15 U.S.C. § 1692e & e(10) because attempting to collect a debt while not licensed as required by Florida law is a false, deceptive, and misleading practice.

68. Defendant's failure to obtain a consumer debt collection license as mandated by Florida Statutes § 559.553, while actively engaging in debt collection in the State of Florida, violates 15 U.S.C. § 1692e(2)(A) because attempting to collect a debt and/or actually collecting a debt while not licensed as required by Florida law constitutes a false representation of the character and legal status of the underlying debt.

69. Defendant's failure to obtain a consumer collection agency license, as mandated by Florida Statutes § 559.553, while attempting to collect consumer debts from Florida consumers is a violation of 15 U.S.C. § 1692e(5) because the Collection Letter is a threat to take action that cannot legally be taken. For example, the Collection Letter causes the least sophisticated consumer to believe that Defendant may lawfully collect *or even attempt to collect* the Consumer Debt when, in reality, Defendant had no such authority or lawful ability.

70. WHEREFORE, Plaintiff, individually and on behalf of the No License Class, requests this Court to enter a judgment against Defendant, awarding the following relief:

    (a) Statutory and actual damages as provided by 15 U.S.C. § 1692k;

    (b) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    (c) Any other relief that this Court deems appropriate under the circumstances.

### COUNT 2
### VIOLATION OF 15 U.S.C. §§ 1692g(b) and 1692e
(*Validation Date Class*)

71. Plaintiff, individually and on behalf of the Validation Date Class, incorporates by reference ¶¶ 6 through 63 of this Class Action Complaint.

72. Pursuant to § 1692g(b) of the FDCPA, "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." *See* 15 U.S.C. § 1692g(b).

73. As stated above, the Collection Letter was Defendant's initial communication with Plaintiff in connection with the collection of the Consumer Debt. Because of this, Defendant was required to provide certain "validation information" within the Collection Letter. The "validation information" that

Defendant was required to provide in the Collection Letter included, *among other things*, the "end date" of the validation period.

74.  Pursuant to Reg F, the "end date" of the validation period is required to be a specific, minimum length of time – *i.e.*, thirty (30) days after the "validation information" is assumed to have been received by consumer, whereby the consumer is assumed to have received the "validation information" **at least five days** (*excluding legal public holidays identified in 5 U.S.C. 6103(a), Saturdays, and Sundays*) **after the debt collector** allegedly provided it. Thus, the shortest "end date" of the validation period available to Defendant was December 21, 2022. In the Collection Letter, however, Defendant unlawfully shorted the minimum validation period by identifying December 20, 2022, as the "end date" of the validation period.

75.  Thus, by unlawfully shorting the length of the validation period in the Collection Letter, Defendant violated § 1692g(b) and §1692e of the FDCPA because the unlawful shorting of the minimum validation period unlawfully overshadowed, and was otherwise inconsistent with, the consumer's right to dispute the underlying debt.

76.  WHEREFORE, Plaintiff, individually and on behalf of the Validation Date Class, requests this Court to enter a judgment against Defendant, awarding the following relief:

    (a)  Statutory and actual damages as provided by 15 U.S.C. § 1692k;

(b) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

(c) Any other relief that this Court deems appropriate under the circumstances.

DATED: April 26, 2023

Respectfully Submitted,

 /s/ Thomas Patti
**THOMAS PATTI, ESQ.**
Florida Bar No. 118377
E-mail:   Tom@pzlg.legal
**VICTOR ZABALETA, ESQ.**
Florida Bar No. 118517
E-mail:   Victor@pzlg.legal
PATTI ZABALETA LAW GROUP
3323 Northwest 55th Street
Fort Lauderdale, Florida 33309
Phone:   561-542-8550

*COUNSEL FOR PLAINTIFF*